*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **MICHAEL ANTHONY MARCAVAGE,** | ) | Number: 04-CV-4741 |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable Petrese B. Tucker |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, PENNSYLVANIA, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

*PLAINTIFF'S PRE-TRIAL MEMORANDA*

And Now, Plaintiff, Michael Marcavage, by his attorneys, Shields & Hoppe, LLP, hereby files the following *Pre-Trial Memoranda*:

### 1) *Brief Statement of Nature of Action and Basis for Jurisdiction*

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to protect the constitutional rights of the Michael Anthony Marcavage (hereinafter "Plaintiff") from the unconstitutional policies, practices and customs of the City of Philadelphia and its Police officers (hereinafter "Defendants"). These policies, as evidenced through Defendants' unlawful arrests, harassment, and intimidation, have the effect of frustrating and interfering with the exercise of Plaintiff's constitutionally protected speech activities and free exercise of religion. In particular, in enforcing such policies, Defendants have, in effect, forbidden Plaintiff from expressing his constitutionally protected religious viewpoint on the public ways in the City of Philadelphia, Pennsylvania, without the constant fear of arrest, sanction or harassment.

This action is also brought pursuant to various state laws. Plaintiff seeks a declaratory judgment, preliminary and permanent injunctive relief, damages for actions of Defendants that violated his constitutional rights, and compensatory and punitive damages for other injuries suffered as a result of Defendants' actions.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 (a)(3), (4), which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities as set forth in paragraphs one (1) through two (2). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367 (a), which confers supplemental jurisdiction over state claims on federal district courts. This action is also authorized by 42 U.S.C. § 1983, because Defendants are state actors who have abridged Plaintiff's constitutional rights. The Court may address declaratory relief requested pursuant to 28 U.S.C. § 2201 and 2202 and 42 U.S.C. § 1983. Venue is proper in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because the claims arose in the district.

## 2)   *Brief Statement of the Facts of the Case*

Plaintiff, Michael Marcavage is a devout Christian who believes that it is his duty to be in God's Will and adhere entirely to the teachings of the Bible. Among those teachings is the Biblical mandate to spread the Gospel of Jesus Christ through evangelism. Included in Plaintiff's evangelistic ministry is his duty to educate the American populace of the inherent harm caused by the sinful nature of our country. Such sin includes, but not limited to, sexually oriented businesses, homosexuality and abortion.

Mr. Marcavage believes that the activities and establishments on South Street, a common point of social gathering and tourism, are not only harmful to those partaking in such activities, but also inflict harm on all those in the community. He also believes that homosexual behavior is inherently sinful and harmful to those partaking in such a lifestyle. Mr. Marcavage further believes that a person can be freed from such harmful consequences if they repent from such a lifestyle and embrace the love of Jesus Christ.

In order to rectify this harm, spread his constitutionally protected message, and persuade

fellow citizens to the negative side effects of these activities, Mr. Marcavage engages in constitutionally protected activities on the public ways of Philadelphia that include, but are not limited to, open-air preaching, distrib uting Gospel literature, sidewalk ministering/counseling, and the displaying of signs relating to the saving power of Jesus Christ.

Mr. Marcavage's Complaint alleges that on seven different occasions, while he was engaged in open air preaching and other related activities on the streets and public ways of the City of Philadelphia, his rights were violated by the City of Philadelphia Police. Plaintiff incorporates by reference herein his Statement of Uncontested Facts filed in support of his Motion for Summary Judgment and his Response to Defendants' Counter-Statement of Uncontested Facts.

### 3) *List of Damages Claimed*

    a.    Monetary damages – Mr. Marcavage is seeking compensation for each of the seven times his constitutional rights were violated by Defendants. Mr. Marcavage is also seeking compensation for malicious prosecution based on the wrongful arrests which occurred on October 31, 2002 and May 29, 2003.

    b.    Equitable Relief – Mr. Marcavage is seeking equitable relief as follows:

        1.    A finding that Defendants' actions on the dates set forth in Plaintiff's Complaint ; October 31, 2002, March 21, 2003, May 29, 2003, August 15, 2003, May 1, 2004, May 2, 2004 and June 13, 2004 violated Mr. Marcavage's right to free speech and free exercise of religion protected by the First Amendment to the United States Constitution

        2.    An Order enjoining Defendants' from further interfering in any manner with Mr. Marcavage and other members of his organization while he/they

are engaged in constitutionally protected activities of free speech and free exercise of religion, including, but not limited, open-air preaching, use of a megaphone or other sound amplification device, passing out of literature, and/or any other constitutionally protected activity

3. An Order directing that all City of Philadelphia police officers and supervisory personnel undergo mandatory training concerning the Constitutional rights and protections afforded to citizens of the Commonwealth of Pennsylvania and United States of America under the United States Constitution and the Pennsylvania Constitution.

*4)* ***Names of Witnesses***

1. Michael Marcavage
2. Chief Inspector James Tiano
3. Cpt. William Fisher
4. Sgt. Warren Edwards
5. Susan Startzell (By videotape)
6. Jason Storms
7. Keith Mason
8. Officer Melvin Brooks
9. Lieutenant John Walker

Plaintiff reserves the right to supplement this list prior to trial.

*5)* ***Schedule of Exhibits***

P-1   Video of March 21, 2003 incident
P-2   Video of May 29, 2003 incident
P-3   Video of August 15, 2003 incident
P-4   Video of June 13, 2004 incident
P-5   Video of May 2, 2004 incident
P-6   Transcript of hearing in the matter of Commonwealth v. Marcavage, 03-000920 held on 2/25/03
P-7   Transcript of hearing in the matter of Commonwealth v. Marcavage, MC# 0301-7519 01 held on 10/1/2003
P-8   Philadelphia Police Department Training Memo on Disorderly conduct
P-9   Philadelphia Police Department Training Memo on Obstructing a highway

4

Plaintiff reserves the right to supplement this list prior to trial.

**6)** ***Estimate of Number of Days for Trial***

3-4 days for Plaintiff's case; 4-6 days total for trial.

**7)** ***Special Comments Regarding Legal Issues, Stipulations, Amendments of Pleadings and Other Appropriate Matters***

Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment are pending before the Court.

Respectfully submitted:

***SHIELDS & HOPPE, LLP***

By:    /s L. Theodore Hoppe, Jr.
L. Theodore Hoppe, Jr., Esquire
Attorney I.D. No. 62082
C. Scott Shields, Esquire
Attorney I.D. No. 68837
Amanda L.H. Brinton, Esquire
Attorney I.D. No. 88882
223 N. Monroe Street
Media, PA  19063
(610) 892-7777
(610) 892-7525 (fax)
Attorneys for Plaintiff

Date: 7/18/2006