*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **MICHAEL ANTHONY MARCAVAGE,** | ) | **Number:  04-CV-4741** |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **The Honorable Petrese B. Tucker** |
| *v.* | ) | |
| | ) | |
| **CITY OF PHILADELPHIA, PENNSYLVANIA,** | ) | |
| **et. al.** | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

In addition to the Jury Instructions submitted jointly by the parties, Plaintiff requests that

the Court instruct the Jury as follows:

***Standard Instructions from Federal Jury Practice and Procedure, O'Malley, Grenig and Lee***
***(5th Ed.)***

***Chapter 165 – Unlawful Police Conduct***

1. §165.25  Custom, Policy, Ordinance, Regulation or Decision
2. §165.42  Custom or Practice
3. § 165.23 Excessive Force

***Additional Instructions Either Modified Standard Instructions or Based on Case Law:***

### 4.  *O'Malley § 104.01 Preponderance of the Evidence*

Plaintiff ——— has the burden in a civil action, such as this, to prove every essential element of his [*plaintiff's*] claims by a preponderance of the evidence. If plaintiff ——— should fail to establish any essential element of a [*plaintiff's*] claim by a preponderance of the evidence, you should find for defendants ——— as to that claim.

[*As to the counterclaim, the defendant is in the position of a plaintiff and the defendant has the burden of proving the essential elements of the counterclaim.*]

——— [*The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.*]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

### 5. *Law Enforcement Witness*

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

6.    *O'Malley 1.05 - __Video__ Deposition Testimony*

During the trial, the testimony of Susan Startzell, a witness for Plaintiff, [certain testimony] was presented to you by [the reading of a deposition/depositions] [and] video. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court.

**7.    *O'Malley 11.1 - Violations Of Federal Civil Rights—Elements And Burden Of Proof***

Plaintiff has alleged that Defendants have violated his constitutionally protected rights to free speech by interfering with his open air preaching activities on October 31, 2002, March 21, 2003, May 29, 2003, August 15, 2003, May 1, 2004, May 2, 2004 and June 13, 2004. [On the plaintiff's *[describe claim]* claim,] The plaintiff has the burden of proving each of the following elements for each incident by a preponderance of the evidence:

　　1. the acts or omissions of the defendants were intentional;

　　2. the defendants acted under color of law; and

　　2. the acts or omissions of the defendants were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

### 8.    *O'Malley 11.1 - Violations Of Federal Civil Rights—Elements And Burden Of Proof*

Plaintiff has alleged that Defendants have violated his constitutionally protected rights to free exercise of religion by interfering with his open air preaching activities on October 31, 2002, March 21, 2003, May 29, 2003, August 15, 2003, May 1, 2004, May 2, 2004 and June 13, 2004. [On the plaintiff's [*describe claim*] claim,] The plaintiff has the burden of proving each of the following elements for each incident by a preponderance of the evidence:

1. the acts or omissions of the defendants were intentional;

2. the defendants acted under color of law; and

2. the acts or omissions of the defendants were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

### 9.  *O'Malley § 106.05 Election of Foreperson--Special Verdict*

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room. [*Read special verdict form.*]

_____ You will be provided with a special verdict form for each cause of action. Each form contains interrogatories or questions that call for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it will not be necessary to consider or answer certain questions if your answer to a certain prior question or questions is "No."

_____ Accordingly, if your answer to certain questions requires you to go no further, the foreperson will date and sign the special verdict, without answering the additional questions. On the other hand, you will continue to answer the questions until you reach the end unless the verdict form specifically requires you to stop. The foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

[~~You will note that each of the three interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it will not be necessary to consider or answer question (2) if your answer to question (1) is "No." Nor will it be necessary for you to consider or answer question (3), unless your answer to both questions (1) and (2) is "Yes."~~]

_____ [~~Accordingly, if your answer to either questions (1) or (2) is "No," the foreperson will date and sign the special verdict, without answering question (3). On the other hand, if your answer to both questions (1) and (2) is "Yes," then you will answer question (3). The foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.~~]

### 10.   O'Malley § 165.40 Under Color of State Law

Acts are done "under color of...law" of a state, not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. The phrase "under color of state law," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or any state or local custom.

In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties. The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official. The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

The parties have stipulated that defendants were acting under color of law at all times relevant to this lawsuit.

~~The federal statute that defendant police officers are alleged to have violated covers not only acts done by an official under color of any state law, but also acts done by an official under color of any ordinance or regulation of any county or municipality of the state, as well as acts done by an official under color of any regulation issued by any state, or county, or municipal official, and even acts done by an official under color of some state or local custom.~~

~~[The act of a public official in pursuit of the official's personal aims that is not accomplished by virtue of the official's official authority is not action under color of state law merely because the individual happens to be a public official.]~~

~~[An otherwise private person acts "under color of state law" when the person engages in a conspiracy with state officials to deprive another of rights protected by Section 1983.]~~

**11.      *13.05A (Civ) P.A. Standard Civil Jury Instructions***

## MALICIOUS PROSECUTION

A person who causes a criminal proceeding to be initiated [or continued] against another, resulting in his or her arrest or a seizure of his or her property, is responsible for the harm resulting from the initiation or continuation of such proceeding, if it was initiated [or continued] with malice and without probable cause, and the proceeding terminated in favor of the plaintiff.

As a matter of law, I have determined that the defendant caused criminal proceedings to be initiated against the plaintiff resulting in <u>his</u> [her] arrest] [a seizure of [his] [her] property]. I have also determined as a matter of law that the criminal proceeding terminated in favor of the plaintiff.

*[First Alternative—Where There Is No Material Conflict in Evidence]*

~~Finally, I have determined as a matter of law that the defendant lacked probable cause for [his] [her] actions.~~

*[Second Alternative—Where There Is a Conflict of Material Evidence]*

If you find that the defendant <u>has not presented evidence that Plaintiff had committed a crime for which he could be arrested, at the time he was arrested</u>, *[state which evidence would constitute a lack of probable cause]*, then the plaintiff has established that the defendant acted without probable cause.

~~[If you determine that the defendant sought the advice of counsel, and that the defendant initiated criminal proceedings in reliance of this advice, then you must find that probable cause did exist, if you find that the defendant sought the advice in good faith and made a full disclosure to [his] [her] attorney of all facts known to [him] [her].]~~

You as a jury must determine whether the defendant acted with malice. Malice has been defined as the doing of a wrongful act intentionally. A criminal proceeding is initiated [or continued] with malice if it is begun [or continued] for a purpose other than to bring the accused person to justice. You may infer that the defendant acted with malice from the fact that [he] [she] acted without probable cause.

### 12.   O'Malley 7.06 - Fourth Amendment: False Arrest-Definition of "Probable Cause"

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff ~~had committed/~~was committing a crime. In making this decision, you should consider what Defendant knew and what reasonably trustworthy information Defendant had received.

~~[It is not necessary that Defendant had probable cause to arrest Plaintiff for [offense in case], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]~~

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. <u>The fact that Plaintiff was later acquitted of the crimes charged does not by itself mean that there was no probable cause at the time of his arrest.</u>

### 13.   O'Malley § 165.70 Compensatory and Nominal Damages

If you find for plaintiff ————, you must determine plaintiff's damages. Plaintiff ————has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff ————for the deprivation of civil rights proximately [legally] caused by <u>Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly</u> ~~police officers~~.  Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

~~1. The reasonable value of any of plaintiff's property lost or destroyed during, or as a result of, the defendant police officer's unconstitutional acts;~~

~~2. The reasonable cost of plaintiff's medical care and hospitalization;~~

3. ~~Plaintiff's physical or emotional pain and mental anguish.~~  <u>The physical and mental/emotional pain and suffering ~~[and disability/loss of a normal life]~~ that Plaintiff has experienced ~~[and is reasonably certain to experience in the future]~~. No evidence of the dollar value of physical or mental/emotional pain and suffering ~~[or disability/loss of a normal life]~~ has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.</u>

<u>4.</u> <u>Punitive damages, if any (as explained in the my instructions).</u>

If you find for plaintiff ————, but you find that the plaintiff ————has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when <u>no</u> actual damages flow from the deprivation.

See also, O'Malley 3.10 - **Compensatory Damages**

### 14.    O'Malley § 165.71 Punitive Damages

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff _____ and against <u>Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly</u> <u>and if you find the conduct of that defendants was recklessly and callously indifferent to plaintiff's constitutional rights,</u> then, in addition to any other damages to which you find plaintiff _____ entitled, you may, but are not required to, award plaintiff _____ an additional amount as punitive damages if you find it is appropriate to punish defendants _____ or deter defendants _____ and others from like conduct in the future. Whether to award plaintiff _____ punitive damages and the amount of those damages are within your sound discretion.

<u>    You may assess punitive damages against any or all defendant police officers or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.</u>

### 15.   *O'Malley § 165.21 Unlawful Arrest*

Plaintiff ———claims to have been unlawfully arrested [*seized*]. The United States Constitution provides that no person may be arrested without due process of law. This means that a person may not be arrested without probable cause for such an arrest. A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime.

Before you can determine whether plaintiff ——— was deprived by the defendant police officers of plaintiff's liberty "without due process of law," you must determine from a preponderance of the evidence in the case:

First: Whether defendant <u>Warren Edwards</u>, police officers committed the acts alleged; and if so,

Second: Whether defendant <u>Warren Edwards</u>, police officers acted under circumstances within or without the bounds of their <u>his</u> lawful authority under state law.

If defendant <u>Warren Edwards</u>, police officers acted within the limits of their <u>his</u> lawful authority under state law, then defendant <u>Warren Edwards</u>, police officers could not have deprived plaintiff ——— of any right "without due process of law."

——[Under the law of the State of ———, police officers may not arrest a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed a crime.]

——[Under the law of the State of [state], a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer. It is a misdemeanor offense for any person to [describe prohibited conduct].]

In determining whether defendant police officers had reasonable grounds to believe that a person has committed an offense, the facts known to defendant police officers need not meet the standard of conclusiveness upon which a conviction must be based. Rather, the actions of defendant police officers in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

Whether a specific use of force is excessive or unreasonable turns on such factors as the severity of the crime, whether the suspect posed an immediate threat and whether the suspect was resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

***16.  De Minimis Violation of Constitutional Rights***

      If you find that Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly  violated Plaintiff's constitutionally protected rights to free speech and/or free exercise of religion, no matter how slight the violation may be, you must find in favor of Plaintiff and against Defendants on Plaintiff's claim.

Authority: ***Elrod v. Burns***, 427 U.S. 347 (1976)

### 17.   *Violation of Right to Free Speech*

On October 31, 2002, March 21, 2003, May 29, 2003, August 15, 2003, May 1, 2004, May 2, 2004 and June 13, 2004 Mr. Marcavage was engaged in activities generally considered to be protected under the First Amendment to the United States Constitution.  If you find that while engaging in protected speech Defendants interfered with Plaintiffs' speech and that his speech was a substantial or motivating factor in Defendants' actions, then you must find in favor of Plaintiff.

Authority: *Feldman v. Philadelphia Hous. Auth.*, 43 F.3d 823, 829 (3d Cir.1994*); Eisen v. Temple University* 2002 WL 32706, *1 (E.D.Pa.,2002)

### 18.  *Violation of Right to Free Exercise of Religion*

On October 31, 2002, March 21, 2003, May 29, 2003, August 15, 2003, May 1, 2004, May 2, 2004 and June 13, 2004 Mr. Marcavage was engaged in activities generally considered to be protected under the First Amendment to the United States Constitution.  If you find that while engaging in the free exercise of his religion, Defendants interfered with Plaintiff and his exercising of his religion was a substantial or motivating factor in Defendants' actions, then you must find in favor of Plaintiff.

Authority: ***Feldman v. Philadelphia Hous. Auth.***, 43 F.3d 823, 829 (3d Cir.1994)*; **Eisen v. Temple University*** 2002 WL 32706, *1 (E.D.Pa.,2002)

### 19.   *Violation of Equal Protection of the Laws  - Free Speech*

If you find that Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly interfered with and/or prohibited Plaintiff from engaging in free speech activities  and that, in doing so Defendants treated Plaintiff differently that other people who were similarly situated, then you must find in favor of Plaintiff and against Defendants.

Authority: *Government of Virgin Islands v. Harrigan*, 791 F.2d 34, 36 (3d Cir.1986); *Eisen v. Temple University*  2002 WL 32706, *1 (E.D.Pa.,2002)

### 20. *Violation of Equal Protection of the Laws - Free Exercise*

If you find that Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly interfered with and/or prohibited Plaintiff from engaging in the free exercise of his religion and that, in doing so Defendants treated Plaintiff differently than other people who were similarly situated, then you must find in favor of Plaintiff and against Defendants.

Authority: *Government of Virgin Islands v. Harrigan*, 791 F.2d 34, 36 (3d Cir.1986); *Eisen v. Temple University* 2002 WL 32706, *1 (E.D.Pa.,2002)

*21.*     *First Amendment Claims – Content Based Restrictions*

Discrimination against speech because of its message is presumed to be unconstitutional. A restriction on speech is content-based when it is premised on the likes or dislikes of an audience.  For the state to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end. The mere fact that Mr. Marcavage's viewpoint may be one that certain people find unpleasant or uncomfortable and do not want discussed publicly, is not enough to justify suppression of that speech.  If you find that Defendants acted to restrict Mr. Marcavage's free speech activities because of the content of his message or his viewpoint, and that they did not have a compelling reason for doing so then you must find  Defendants' liable to Plaintiff for violating his constitutionally protected rights.

Authority - ***Rosenberger v. Rectors & Visitors of the Univ. of VA.***, 515 U.S. 819 (1995); ***Forsyth County v. Nationalist Movement***, 505 U.S. 123, 135 (1992); ***Tinker v. DesMoines***, 393 U.S. 502, 509 (1969).; ***Carey v. Brown,*** 447 U.S. 455, 461, 100 S.Ct. 2286, 2290, 65 L.Ed.2d 263 (1980).

22.    *Heckler's Veto*

A police officer cannot restrict and individual's First Amendment rights based on his concern about how the audience will respond to the speaker's viewpoint. Basing the restriction of Free Speech rights on the reaction of others would give unruly hecklers the power to eliminate the speech they happen to dislike. This is true even if the speech in question may have an adverse emotional impact on the audience.   Rather, it is the job of the police to permit the speech and control the crowd.

If you find that the Defendants restricted Mr. Marcavage's First Amendment activities because they were concerned about how the crow would react, then you must find Defendants' liable to Plaintiff for violating his constitutionally protected rights.

Authority - *Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105 (1991); *NAACP v. Claiborne Hardware*, 458 U.S. 886, 932-34 (1982); *Coates v. City of Cincinnati*, 402 U.S. 611, 616 (1971); *Bachellar v. Maryland*, 397 U.S. 564, 567 (1970) ; *Hedges v. Wauconda Community Unit School District No. 118, et al.*, 9 F.3d 1295, 1299-1300 (7th Cir.1993); *Robb v. Hungerbeeler,* 370 F.3d 735, 743 (8th Cir. 2004)

23.    Free Speech

The right to free speech includes spoken words, as well as written words such as signs and the distribution of literature.

Authority - *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.,* 452 U.S. 640, 647, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). *Murdock v. Pennsylvania,* 319 U.S. 105, 108, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Vill. of Stratton,* 536 U.S. 150, 161-62,. *Boos,* 485 U.S. at 318; *Parks,* 395 F.3d at 647.

24.    Disorderly Conduct

Under the law in Pennsylvania, a person may not be charged with disorderly conduct for engaging in free speech activities.

Authority: ***Commonwealth v. Mastrangelo***, 414 A.2d 54 (Pa. 1980)

25.    Obstructing a Highway

Under Pennsylvania law, a person may be charged with obstructing highways and other public passages if they, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree. However, no person shall be deemed guilty of an offense under this subsection solely because of a gathering of persons to hear him speak or otherwise communicate, or solely because of being a member of such a gathering.

Additionally, a person may be charged with refusal to move on he refuses to obey a reasonable official request or order to move:

(i) to prevent obstruction of a highway or other public passage; or
(ii) to maintain public safety by dispersing those gathered in dangerous proximity to a fire or other hazard.

However, an order by a police officer to move, addressed to a person whose speech or other lawful behavior attracts an obstructing audience, shall not be deemed reasonable if the obstruction can be readily remedied by police control of the size or location of the gathering.

18 Pa.C.S.A. § 5507

25.   *Right to Engage in Free Speech*

A person engaging in free speech activities generally has the right to choose where they want to engage in those activities   This is because all locations and forums are not equal.  It is not a defense to a violation of someone's right to free speech to say that they could have engaged in that speech in another location.

Authority - *Schneider v. State of New Jersey*, 308 U.S. 147, 163 (1939); *Mahoney v. Babbitt*, 1056 F.3d 1452, 1459 (D.C. 1997).

26.   **First Amendment Claims – "Chilling" Effect**

For the purpose of a §1983 claim based on the alleged "chilling" of First Amendment rights, it must be shown that a police officer's actions are sufficiently intimidating to chill the speech of a person of ordinary firmness.  A threat of specific future harm is sufficient to show a chilling effect on free speech.

In this case Plaintiff has alleged that Defendants threatened him with arrest if he continued to engage in his free speech activities.  If you find that those threats caused Mr. Marcavage to change his location or to restrict his activities or movement or that they were otherwise sufficiently intimidating to chill the speech of an ordinary person, then you must find Defendants' liable to Plaintiff for violating his constitutionally protected rights.

Authority: *Keenan v Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002); *Laird v. Tatum,* 408 U.S. 1, *14, 92 S.Ct. 2318, **2326 (1972)

Respectfully submitted:

*SHIELDS & HOPPE, LLP*

By:      /s/ L. Theodore Hoppe, Jr.
         L. Theodore Hoppe, Jr., Esquire
         Attorney I.D. No. 62082
         C. Scott Shields, Esquire
         Attorney I.D. No. 68837
         Amanda L.H. Brinton, Esquire
         Attorney I.D. No. 88882
         223 N. Monroe Street
         PO Box 23
         Media, PA  19063
         (610) 892-7777
         (610) 892-7525 (fax)
         Attorneys for Plaintiff

Date: 7/31/06