*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *MICHAEL ANTHONY MARCAVAGE,* | ) | *Number:  04-CV-4741* |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | *The Honorable Petrese B. Tucker* |
| *v.* | ) | |
| | ) | |
| *CITY OF PHILADELPHIA, PENNSYLVANIA,* | ) | |
| *et. al.* | ) | |
| *Defendants.* | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties hereby jointly request that the Court charge the Jury as follows:

***Standard Instructions from Federal Jury Practice and Procedure, O'Malley, Grenig and Lee (5th Ed.)***

### Chapter 1 – Instructions at Beginning of Trial

1. §101.01   Opening Instructions
2. §101.02   Order of Trial
3. §101.31   Bench Conference
4. §101.41   Burden of Proof
5. §101.42   Definitions of Direct and Circumstantial Evidence
6. §101.40   Evidence in the Case
7. §101.43   Credibility of Witnesses
8. §101.44   What is not Evidence
9. §101.48   Stipulation of Facts

The Parties Stipulate as follows:

   a.  At all times relevant to this lawsuit, Defendants were acting under color of state law.

10. §101.49   Ruling on Objections

### Chapter 102 – Instructions During a Civil Trial

11. §102.01   Cautionary Instruction before Recess
12. §102.71   Objections and Rulings

### Chapter 103 – Duties of Court and Jury

13. §103.14   Multiple Defendants

### Chapter 104 – Burden of Proof

14. §104.40   Oral Statements or Admissions
15. §104.54   Number of Witnesses

### Chapter 105 – Credibility of Witnesses

16. §105.01   Discrepancies in Testimony
17. §105.02   Use of Depositions as Evidence
18. §105.04   Impeachment – Inconsistent Statement or Conduct (Falsus In Uno Falsus in Omnibus)
19. §105.09   Effect of Prior Inconsistent Statement
20. §105.11   All Available Witnesses or Evidence Need Not Be Produced

### Chapter 106 – The Verdict

21. §103.01   General Introduction
22. §103.30   Evidence in the Case
23. §106.01   Duty to Deliberate
24. §106.02   Effect of Instruction as to Damages
25. §106.04   Election of Foreperson
26. §106.07   Verdict Forms – Jury Responsibility
27. §106.08   Communications Between Court and Jury During Deliberations

### Additional Instructions Either Modified Standard Instructions or Based on Case Law:

5.      **Proximate Cause**

"An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission. Plaintiff has the burden of proving each and every element of his claim by a preponderance of the evidence.  If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendants."

3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Civil § 165.50 (5th Ed. 2000).

16.    **False Arrest**

The United States Constitution provides that no person may be arrested without due process of law. This means that a person may not be arrested without probable cause for such an arrest. Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed a crime.

A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime. Before you can determine whether plaintiff was deprived by the police officers of his liberty "without due process of law," you must determine from a preponderance of the evidence in the case:

> (1)    Whether the police officers committed the acts alleged; and if so,
>
> (2)    Whether the police officers acted under circumstances within or outside the bounds of their lawful authority under state law. If police officers acted within the limits of their lawful authority under state law, then the police officers could not have deprived Plaintiff of any right "without due process of law."

In determining whether the police officers had reasonable grounds to believe that a person has committed an offense, the facts known to the police officers need not meet the standard of conclusiveness upon which a conviction must be based. Rather, the actions of the police officers in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

Johnson v. Campbell, 332 F.3d 199 (3d Cir. 2003); Orsatti v. New Jersey State Police, 71 F.3d 480 (3d Cir. 1995); Michigan v. DeFillippo, 443 U.S. 31 (1979); United States v. Glasser, 750 F.2d 1197 (3d Cir. 1984; Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir. 2005).

**21.     No Liability for the City Under the Doctrine of *Respondeat Superior***

Under 42 U.S.C. § 1983, liability cannot be imposed on the City based on the doctrine of *respondeat superior*.  In other words, the City cannot be held liable simple because it employs some of the defendants.

Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978)

33.   **False Imprisonment – State Law Claim**

The elements of false imprisonment are (1) the detention of another person and (2) unlawfulness of such detention.  A police officer may be held liable for false imprisonment only where it is determined that the officer did not have probable cause to make an arrest.

Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289 (1994).

## 35. Damages Must Be Reasonable

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case that he has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Respectfully submitted:

**SHIELDS & HOPPE, LLP**

By:     /s/ L. Theodore Hoppe, Jr.
L. Theodore Hoppe, Jr., Esquire
Attorney I.D. No. 62082
C. Scott Shields, Esquire
Attorney I.D. No. 68837
Amanda L.H. Brinton, Esquire
Attorney I.D. No. 88882
223 N. Monroe Street
PO Box 23
Media, PA  19063
(610) 892-7777
(610) 892-7525 (fax)
Attorneys for Plaintiff

Date: 7/31/06