**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | **:** | |
| **MICHAEL ANTHONY MARCAVAGE,** | **:** | **CIVIL ACTION** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **CITY OF PHILADELPHIA, et al.** | **:** | **No. 04-CV-4741** |
| **Defendants.** | **:** | |
| | **:** | |

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Defendants the City of Philadelphia, Chief Inspector James Tiano, Captain William

Fisher, Sergeant Warren Edwards, and Police Officer Daniel Kelly, by and through their

undersigned counsel, hereby submits their proposed jury instructions on the substantive points of

law only, and requests instructions on the following "familiar" points of law as well.

## PART I: GENERAL JURY INSTRUCTIONS

Credibility of Witnesses

Credibility of Witnesses -- Right to Disregard Testimony

Credibility of Witnesses -- Inconsistent Statements

Credibility of Witnesses – Discrepancies in Testimony

False in One, False in All

Number of Witnesses

Province of the Jury

Function of the Court

**PART II: SPECIFIC JURY INSTRUCTIONS**

**1.      Nature of the Action**

Plaintiff Michael Anthony Marcavage claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of rights secured to him by the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.  Mr. Marcavage also alleges that the conduct of Defendants Chief Inspector Tiano, Captain Fisher, Sergeant Edwards, and Police Officer Kelly violated state law.

Chief Inspector Tiano, Captain Fisher, Sergeant Edwards, and Police Officer Kelly deny that any of their actions during the times in question violated Mr. Marcavage's constitutional rights or were contrary to state law.

**2.      Plaintiff's Claim under 42 U.S.C. §1983**

42 U.S.C. §1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. §1983. In order for plaintiff to be able to recover damages under 42 U.S.C. §1983, the plaintiff must prove by a preponderance of the evidence all of the following facts:

(a)      that a defendant knowingly deprived him of his rights;

(b)      that when the plaintiff was deprived of his rights, the defendant was acting under the color of state law;

(c)      that the defendant was responsible for actions of which the plaintiff complains;

(d)      and that the actions complained of were the proximate cause of damage to the plaintiff.

City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S. Ct. 2427 (1985).

**3.**      **Under Color Of State Law**

"Acting under color of state law" means "under pretense of law," and simply means, for purposes of this case, acting in one's capacity as a police officer.  At the time of these incidents, Defendants Chief Inspector Tiano, Captain Fisher, Sergeant Edwards, and Police Officer Kelly were law enforcement officers with the Philadelphia Police Department and acting in their official capacities.  It is stipulated that at the time of these incidents, Defendants Chief Inspector Tiano, Captain Fisher, Sergeant Edwards, and Police Officer Kelly were acting as law enforcement officers and therefore under color of state law.

4.      **Personal Involvement in the Alleged Violation**

A defendant in a civil rights action must have had personal involvement in committing

the alleged violation.  Personal knowledge can be shown through personal direction or actual

knowledge and acquiescence.

Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988). Agresta v. City of Philadelphia, 801 F.
Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa.,
Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich,1996
WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal
involvement" in alleged wrongs).

**5.        Proximate Cause**

"An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission. Plaintiff has the burden of proving each and every element of his claim by a preponderance of the evidence.  If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendants."

3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Civil § 165.50 (5th Ed. 2000).

**6.      Burden of Proof - Preponderance of Evidence**

"Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them."

3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Civil § 104.01 (5th Ed 2000).

**7.    Negligence Does Not Constitute Violation under §1983**

Merely negligent conduct which causes unintended injury does not give rise to a

constitutional violation under §1983.

Daniels v. Williams, 474 U.S. 327, 330 (1986); Williams v. Borough of West Chester, 891 F.2d
458, 467 (3rd Cir. 1989), citing, City of Los Angeles v. Heller, 457 U.S. 796 (1986).

8.      **[Withdrawn]**

**9.      First Amendment Claims – Generally**

The First Amendment protects speech and other expressive activity in public places.  <u>See</u> <u>Diener v. Reed</u>,  232 F.Supp.2d 362 (M.D. Pa. 2002).   However, the protection afforded by the First Amendment is not absolute.  <u>Lickteig, et al. v. Landauer, et al.</u> 1991 WL 161963 at *11, ¶7 (E.D. Pa. 1991) (Hutton, J.)  Principles of religious tolerance do not relieve any individual from complying with laws of general applicability, so the right of free exercise does not relieve an individual of the right to comply with a valid and neutral law of general applicability.

<u>Employment Division, Department of Human Resources of Oregon v. Smith</u>, 494 U.S. 872, 879 (1990)

**10.     First Amendment Claims – Time, Place and Manner Restrictions**

The government may impose reasonable time, place and manner restrictions on First Amendment activity to further significant governmental interests.  Grayned v. City of Rockford, 408 U.S. 104, 115 (1972).  "The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time.  The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy."  Cox v. Louisiana, 379 U.S. at 554.  There is no right to drown out the First Amendment rights of others, or to create a situation where the constitutional guarantee itself would be lost in the disorder.  Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 387 (1969); Cox v. Louisiana, 379 U.S. 536, 554 (1965).  Protestors may be directed to espouse their message from a designated area.  This is to ensure that their message will be seen and heard, and ensures that public safety and order will be maintained.  Concerned Jewish Youth v. McGuire, 621 F.2d 471 (2d Cir. 1980).  Restrictions on the use of sound amplification equipment are not unconstitutional.  Because sound devices have a way of making a listener out of someone who may not wish to hear the message, their use may be curtailed.  Cohen v. California, 403 U.S. 15, 21 (1971); Kovacs v. Cooper, 336 U.S. 77, 86-87 (1949).

**11.     First Amendment Claims – Unlawful Activity**

Where speech moves beyond mere speech and into the realm of unlawful activity, the

fact that the speaker was engaged in speech does not mean that probable cause for the arrest

must be discounted or ignored.

See Corbett v. Goode, 1990 WL 181499 (E.D. Pa. 1990); Armes v. City of Philadelphia, 706 F.
Supp. 1156, 1163 (E.D. Pa. 1989) (same), aff'd 897 F.2d 520 (3d Cir. 1990); see also Habiger v.
City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996).

**12.     First Amendment Claims – "Chilling" Effect**

For the purpose of a §1983 claim based on the alleged "chilling" of First Amendment rights, it must be shown that a police officer's actions are sufficiently intimidating to chill the speech of a person of ordinary firmness.  Keenan v Tejeda, 290 F.3d 252, 258 (5th Cir. 2002).  "Where a party cannot show a change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."  Persaud v. McSorley, 275 F.Supp.2d 490, 495 (S.D.N.Y. 2003), citing Singer v. Fulton County Sheriff, 63 F.3d 110, 120 (2d Cir. 1995).  No chilling effect has been found where, after an arrest, the plaintiff continued to engage in the First Amendment activity.  Singer, 63 F.3d at 120.

**13.      First Amendment Claims – Permit Event**

Where an individual wishes to engage in expressive conduct at a location where an event is being held for which a permit has been issued, the permit-holder may choose to exclude from the event other groups which promote a message that the permit-holder does not endorse. Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, 515 U.S. 557 (1995). This ensures that the permit-holder may choose the content of his own message, and need not be forced to endorse a message with which they may not agree.  The "exclusivity" aspect serves a fundamental aspect of the permitting scheme, to ensure order in the use of public spaces.  Id., see also Diener v. Reed, 77 Fed. Appx. 601, 608 (3d Cir. 2003); Sistrunk v. City of Strongsville, 99 F.3d 194 (6th Cir. 1996); World Wide Street Preachers' Fellowship v. Peterson, 2004 U.S. Dist. LEXIS 13961 (S.D. Ind., May 14, 2004).  Particularly where individuals are free to express their views outside the permitted area, there is no constitutional violation inherent in excluding persons with contra messages from the area for which a permit has been issued.  Diener, supra.

14.     **Fourteenth Amendment Claim - Equal Protection**

To establish a Fourteenth Amendment equal protection claim under §1983, plaintiff must show that: (1) the plaintiff, compared to others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the persons.  Homan v. City of Reading, 15 F.Supp.2d 696 (1998); Pennsylvania v. Flaherty, 983 F.2d 1267, 1273 (3d Cir. 1993) (plaintiff must show disparate impact plus some indicia of purposeful discrimination).

Under the equal protection clause, government may not grant the use of a forum to those whose views it finds acceptable, but deny use to those wishing to express less favored or more controversial views.  Police Department of Chicago v. Mosley, 408 U.S. at 96.  This right to express a point of view is not absolute.  The state may regulate the "time, place, and manner" of speech to further significant governmental interests.  Cox v. Louisiana, 379 U.S. at 554-55.

To state an equal protection claim, plaintiff must prove that he is a member of a protected class, similarly situated to members of an unprotected class, and treated differently from the unprotected class.  Germain v. Pennsylvania Liquor Control Bd., 2000 U.S. Dist. LEXIS 334, No. 98-5437, 2000 WL 39065, *10 (E.D. Pa., Jan 19, 2000).  Plaintiff must establish that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (citing Olech).

15

To prevail on an equal protection claim premised on a "class of one," a plaintiff must establish "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Harlen Assocs. Inc. v. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). The individuals with whom the court should compare the plaintiff for an equal protection analysis "must be similarly situated in all material respects." Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997) (emphasis added).

**15.**     **[Withdrawn]**

**16.**     **False Arrest**

The Fourth Amendment to the United States Constitution prohibits <u>unreasonable seizures</u> of a person.  This means that a person may not be arrested without probable cause for such an arrest.  Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed a crime.

A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime.  Before you can determine whether plaintiff was subjected to an unreasonable seizure, you must determine from a preponderance of the evidence in the case:

> (1)     Whether the police officers against whom the claims are asserted committed the acts alleged; and if so,
>
> (2)     Whether the police officers acted under circumstances within or outside the bounds of their lawful authority under state law.  If police officers acted within the limits of their lawful authority under state law, then the police officers could not have unreasonably "seized" Plaintiff.

In determining whether the police officers had reasonable grounds to believe that a person has committed an offense, the facts known to the police officers need not meet the standard of conclusiveness upon which a conviction must be based.  Rather, the actions of the police officers in making an arrest are to be measured by the test of what a reasonable person

would have believed under the same circumstances.

It is irrelevant to the probable cause analysis what crime a suspect is eventually charged with.  Probable cause need only exist as to any offense that could be charged under the circumstances.  <u>Wright v. City of Philadelphia</u>, 409 F.3d 595, 602 (3d Cir. 2005).

It is also irrelevant that the person arrested might later be found not guilty of the offense with which he was charged.


<u>Johnson v. Campbell</u>, 332 F.3d 199 (3d Cir. 2003); <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480 (3d Cir. 1995); <u>Michigan v. DeFillippo</u>, 443 U.S. 31 (1979); <u>United States v. Glasser</u>, 750 F.2d 1197 (3d Cir. 1984; <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819 (3d Cir. 1994); <u>Wright v. City of Philadelphia</u>, 409 F.3d 595 (3d Cir. 2005).

**17.    Malicious Prosecution**

Plaintiff has brought a claim against defendants under §1983 for malicious prosecution.

To prevail in a §1983 action for malicious prosecution plaintiff must show that:

(1)    a defendant initiated a criminal proceeding;

(2)    the criminal proceeding ended in the plaintiff's favor;

(3)    the criminal proceeding was initiated without probable cause;

(4)    a defendant acted maliciously or for a purpose other than bringing the plaintiff to

justice; and,

(5)    that the plaintiff suffered a deprivation of liberty consistent with the concept of

seizure as a consequence of a legal proceeding.


DiBella v. Borough of Beachwood, 2005 U.S. App. LEXIS 7553 (3d Cir. 2005)(citing Estate of
Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)); Hilfirty v. Shipman, 91 F.3d 573, 579 (3d
Cir. 1996) (citing Haefner v. Burkey, 534 Pa. 62, 626 A.2d 519, 521 (Pa. 1993)).

**18.      Malicious Prosecution - Probable Cause**

Probable cause is defined as "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent person in the same situation in believing that the party is guilty of the offense."  Probable cause means that the person making the arrest believed, at the time of the arrest, as a reasonable person under the same circumstances would also have believed, that he had sufficient information as to both the facts and the applicable law, to reasonably believe that a crime had been (or was being) committed and that the person arrested was guilty of committing the crime.

If "at the moment the arrest was made . . . the facts and circumstances within [the defendant's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the plaintiff had violated the law, probable cause is present."  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).

Proper inquiry in a claim for false arrest is not whether the person arrested in fact committed the offense, but whether the arresting officers had probable cause to believe the person arrested had committed the offense.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).

You are also instructed that an arresting officer need not possess an encyclopedic knowledge of the facts supporting probable cause, but can instead rely on an instruction to arrest delivered by other officers possessing probable cause.  "An officer can lawfully act solely on the basis of statements issued by fellow officers if the officers issuing the statements possessed the facts and circumstances necessary to support a finding of the requisite basis."  U.S. v. Burton,

288 F.3d 91, 99 (3d Cir. 2002).

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 103.06 (4th Ed. 1987).  Modern Federal Jury Instructions, Form Instruction 87-74A; <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964).

**19.      Malicious Prosecution - Malice Or Improper Purpose**

The criminal proceeding against plaintiff must have been initiated or continued with malice or for a purpose other than bringing plaintiff to justice to support plaintiff's claim against defendants.  The words "malice" and "malicious" mean a wish to vex, annoy, or injure another person.  Malice means that attitude or state of mind which actuates the doing of an act for some improper or wrongful motive or purpose.  Malice does not necessarily require that a defendant be angry or vindictive or bear any actual hostility or ill will toward the plaintiff.

O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, §121.23 (5th Ed. 2000); Pennsylvania Bar Institute, Pennsylvania Suggested Standard Jury Instructions § 13.05A (Jan. 2003) (modified).

**20.      Malicious Prosecution – Institution of Proceedings**

Generally, a plaintiff cannot institute "malicious prosecution" proceedings against a

police officer because "a prosecutor, not a police officer, 'initiates' criminal proceedings against

an individual."  A police officer <u>may</u> be found to have initiated criminal proceedings only where

the police officer knowingly provided false information to the prosecutor or otherwise interfered

with the prosecutor's informed discretion.  <u>Id</u>.

<u>Stango v. Rodden</u>, 2001 WL 1175131 at *4 (E.D. Pa., Aug. 21, 2001) (quoting <u>Harris v. City of
Philadelphia</u>, 1998 WL 481061 (E.D. Pa., Aug. 14, 1998) and citing <u>Albright v. Oliver</u>, 510 U.S.
266, 279 n.7 (1994)).

**21.      No Liability for the City Under the Doctrine of *Respondeat Superior***

Under 42 U.S.C. § 1983, liability cannot be imposed on the City based on the doctrine of

*respondeat superior*.  In other words, the City cannot be held liable simple because it employs some

of the defendants.

Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978)

22.     **Causation and Municipal Liability**

The City of Philadelphia cannot be held liable under §1983 for an injury unless the

plaintiff proves that the execution of a governmental policy or custom, whether made by its

lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts

the injury so that the government as an entity is responsible under §1983.  Which officials have

final policy-making authority for a municipality on a particular issue is a question of state law, to

be decided by the judge by referring to state and local law, as well as custom or usage having the

force of law.  Furthermore, the plaintiff must prove it is more likely than not that the alleged

unconstitutional policy, custom, or practice caused the plaintiff's injuries.

Proof of a single incident by a lower-level employee acting under the color of law does

not suffice to establish either an official policy or custom.  A municipal custom for § 1983

purposes is "such practices of state officials...[as are] so permanent and well-settled as to

constitute a 'custom or usage' with the force of law."  Municipal liability under §1983 attaches

where—and only where—a deliberate choice to follow a course of action is made from among

various alternatives.

Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). City of Los Angeles
v. Heller, 475 U.S. 796 (1986); Jett v. Dallas Independent School District, 491 U.S. 701, 109 S. Ct.
2702, 2723 (1989); Simmons v. City of Philadelphia, 947 F.2d 1042  (3d Cir. 1991), cert. denied ___
U.S. ___, 112 S. Ct. 1671 (1992); and Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir.
1989).

**23.      Municipal Liability - Burden of Proof**

The City of Philadelphia cannot be held vicariously liable for the actions of individual police officers.  Rather, you are instructed that the City of Philadelphia may only be held liable if you find:

(1)      The plaintiff was deprived of his constitutional rights as a result of an officially adopted policy or an officially adopted custom of the City of Philadelphia; and

(2)      The policy maker was deliberately indifferent to the constitutional rights of the municipality's inhabitants; and

(3)      the alleged unconstitutional policy, custom, or practice must be directly linked to the "municipal policy or custom" and to plaintiff's alleged constitutional deprivation.

Remember that liability cannot be imposed against the City of Philadelphia merely because it employs the Police Officers involved in this incident.

Collins v. City of Harker Heights, 503 U.S. 115 (1992), Daniels v. Williams, 474 U.S. 327, 328 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989), citing, City of Los Angeles v. Heller, 457 U.S. 796 (1986).  Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).  Board of the County Commissioners of Bryan County, Oklahoma, Petitioner v. Jill Brown et al., 520 U.S. 397 (1997); Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7th Cir. 1997) and Cannon v. City of Philadelphia, 86 F.Supp.2d 460, 468 (E.D. Pa. 2000).

**24.    Municipal Liability - Proof of a Single Incident**

Proof of a single incident by a lower level employee acting under color of law does not suffice to establish either an official policy or custom.

Oklahoma City v. Tuttle, 471 U.S. 808, 105 S. Ct. 2427 (1985).

**25.**   **Actual Knowledge of a Policymaker**

To prevail against the City of Philadelphia, the plaintiff must prove it is more likely than not that an official, with policy-making authority in the area in question, had actual knowledge that individuals like the plaintiff were being deprived of their constitutional rights protected by the First Amendment.  Absent actual knowledge on the part of the final policy-maker(s), the plaintiff cannot prevail under §1983 against the City of Philadelphia because he has failed to prove a direct causal link between the alleged injury and the alleged unconstitutional harm.

Beswick v. City of Philadelphia, 185 F. Supp. 418, 427 (E.D. Pa., 2001) (citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1060-61, 1063) (3d Cir. 1991)).

**26.     Qualified Immunity – Generally**

Government officials, such as police officers, generally are shielded from liability for civil damages, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  This principle, known as the doctrine of qualified immunity, ensures that police officers and other government actors will be able to reasonably anticipate when their conduct may give rise to liability.  The doctrine of qualified immunity attaches only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what the official was doing violates that right.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**27.     Qualified Immunity – Two Step Process**

In considering claims of qualified immunity, you must undertake a two-step process which asks first, whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation, and second, where a plaintiff establishes a constitutional violation, whether the constitutional right was clearly established, such that a reasonable officer would have understood that his actions were not pursuant to law.  The doctrine of qualified immunity "gives ample room for mistakes of judgment in protecting all but the plainly incompetent or those who knowingly violate the law."  Hunter v. Bryant, 502 U.S. 224, 229 (1991).  Thus, if an official could have reasonably believed that his or her actions were lawful, the official receives immunity even if it is later determined that the actions were not lawful.

Saucier v. Katz, 533 U.S. 194 (2001); Bennett v. Murphy, 274 F.3d 133 (3d Cir.2002)

**28.     Political Subdivision Tort Claims Act**

The next claims brought by plaintiff are under the law of the Commonwealth of Pennsylvania.  As you consider these claims, I instruct you that because the individual defendants are employees of the City of Philadelphia, the plaintiff must establish an additional element of each cause of action in order to prevail against him.  In addition to the elements of each claim, the plaintiff must establish that the defendants' actions constituted willful misconduct.  42 Pa. C.S. §8550.  Under Pennsylvania law, "willful misconduct" means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.  This, of course, would necessarily entail actual prior knowledge of the [harm].  Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.12d 440, 443 (1965).  See also Williams v. City of Philadelphia, 131 Pa. Cmwlth. 71, 569 A.2d 419 (1990).  Willful misconduct means that an officer's tortious behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he knows is wrongful.  Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994); Fullard v. City of Philadelphia, No. CIV. A. 95-4949, 1996 WL 195388 (E.D. Pa., April 22, 1996).

**29.     Plaintiff's State-Law Claims for Intentional Torts**

The City of Philadelphia cannot be held liable for the intentional torts of its employees. Therefore, you are directed to find in favor of the City of Philadelphia on plaintiff's malicious prosecution and false imprisonment claims.

**30.**     **Tort Claims Act's Two Thresholds**

In order to recover on his state law claims against individual defendants, plaintiff must make two separate and distinct showings.  <u>First</u>, the claimant must show that a common law based negligence cause of action exists which allows for recovery of damages.  <u>Secondly</u>, the claimant must establish that act of the employee of which the plaintiff complains constitutes willful misconduct.

**31.**     **Willful Misconduct under the Tort Claims Act**

Under the Tort Claims Act, "willful misconduct" means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.  This, of course, would necessarily entail actual prior knowledge of the [harm].  Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).  See also Williams v. City of Philadelphia, 131 Pa. Cmwlth. 71, 569 A.2d 419 (1990).

**32.     Malicious Prosecution – State Law Claim**

Plaintiff also makes a claim for malicious prosecution under Pennsylvania law.  To

prevail in a malicious prosecution claim under Pennsylvania law, plaintiff must show:

> (1)     a defendant initiated a criminal proceeding;
>
> (2)     without probable cause;
>
> (3)     with malice;
>
> (4)     which was subsequently terminated in plaintiff's favor.

Russoli v. Salisbury Twp., 126 F. Supp. 2d 821, 870 (E.D. Pa. 2000); (cited by Tyson v. Damore, No. 03-5297, 2004 WL 1837033, *16 (E.D. Pa., Aug. 13, 2004)).

**33.      False Imprisonment – State Law Claim**

The elements of false imprisonment are (1) the detention of another person and (2) unlawfulness of such detention.  A police officer may be held liable for false imprisonment only where it is determined that the officer did not have probable cause to make an arrest.

Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289 (1994).

**34.   Damages**

If you find any defendant liable under §1983, you must next consider what damages, if any, the plaintiff is entitled to.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be liable.

If you return a verdict for the plaintiff, you must award him/her such sum of money as you believe will fairly and justly compensate him/her for any loss you believe he actually sustained as a direct consequence of the conduct of any of the defendants.  You are not permitted to award damages based on the abstract value or importance of constitutional rights.  Plaintiff can recover as compensatory damages only those items of damage, if any, that are justified by the pleadings and proof.  That is, your findings as to damages must be within the allegations of the plaintiff's complaint.

You shall award actual damages only for those losses, which you find that plaintiff has proven by a preponderance of the evidence.  Moreover, you shall award actual damages only for those losses which you find plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the defendant in violation of §1983.  That is, you may not simply award actual damages for any loss suffered by plaintiff – you must award actual damages only for those losses that are a direct result of actions by the defendants and that the defendants' actions are a direct result of conduct which violated plaintiff's federal rights under color of law. Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence. <u>Sand, et al.</u>, Modern Federal Jury

Instructions, 87-87; <u>Smith v. Wade</u>, 461 U.S. 30, 103 S. Ct. 1625 (1983); <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S. Ct. 1042 (1978); <u>Memphis Community School District v. Stachura</u>, 106 S. Ct. 2537 (1986).

You may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by one or more of the defendants for violation of §1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence injuries naturally resulting from the violation. Thus, even if you find that a defendant deprived the plaintiff of his rights in violation of §1983, you must ask whether the plaintiff proved by the preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

Moreover, if you find that the damages caused by a defendant was partly the result of conduct by the defendant that was legal and partly the result of conduct that was illegal, you must apportion the damages between the legal and illegal conduct – that is, you must assess the relative importance of the legal and illegal conduct and allocate the damages accordingly. <u>Sand, et al.</u>, Modern Federal Jury Instructions, 87-89.

**35.    Damages Must Be Reasonable**

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case that he has sustained as a proximate result of the accident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 85.14 (4th Ed. 1987).

**36.     Damages - Must Have Been Proximately Caused**

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question.

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 85.15 (4th Ed. 1987).

**37.** **Damages - Not Punitive**

If you should find that the plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the defendant, or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney's fees.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 85.16 (4th Ed. 1987).

**38.**     **Avoidance of Double Recovery**

If you find that a defendant violated more than one of plaintiff's rights, plaintiff is entitled to be compensated only for the injuries plaintiff actually suffered.  Thus, if a defendant violated more than one of plaintiff's rights, but the resulting injury was no greater than it would have been had defendant violated one of those rights, you should award an amount of compensatory damages no greater than you would award if defendant had violated only one of the plaintiff's rights.

However, if a defendant violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate plaintiff for the separate injuries plaintiff has suffered.

## SUPPLEMENTAL JURY INSTRUCTIONS

**39.      Disorderly Conduct**

A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S §5503.

**40.**      **Failure to Disperse**

Where three or more persons are participating in a course of disorderly conduct which causes or may reasonably be expected to cause substantial harm or serious inconvenience, annoyance or alarm, a peace officer or other public servant engaged in executing or enforcing the law may order the participants and others in the immediate vicinity to disperse.

18 Pa.C.S. §5502

**41.     Use of Sound Equipment**

The Philadelphia Code provides that no person shall create or cause, or permit the creation of, sound originating from a property used for a non-residential purpose that exceeds:

(1) 5 decibels above background level measured at the property boundary of the nearest occupied residential property; or

(2) 10 decibels above background level measured at the property boundary of the nearest occupied non-residential property.

In addition, the Philadelphia Code also provides that no person shall create or cause, or permit the creation of, sound in the public right-of-way:

(1) abutting a residential property by amplification from a radio, tape player or similar device between the hours of 9 p.m. and 8 a.m., unless used in connection with an earplug or earphones which will prevent significant emanation of sound from such device; or

(2) that exceeds the levels permissible for sound emanating from property directly abutting such portion of the right-of-way.

(3) The limitations of this paragraph shall not apply to a Demonstration for which a permit has been obtained pursuant to the City's "Regulation Governing Permits For Demonstrations On City Property."

Philadelphia Code §10-403.

**42.**    **Nominal Damages**

Damages are available under §1983 for actions found to be violative of constitutional rights, and to have caused compensable injury.  Substantial damages should be awarded only to compensate actual injury.  Where a constitutional deprivation has not caused actual injury, an award of nominal damages may be appropriate.  Such nominal damages are appropriate in the absence of proof of actual injury, assuming a constitutional violation has been proven.  Nominal damages means an award of $1.

Carey v. Piphus, 435 U.S. 247 (1978); Memphis Comm. Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986).

Respectfully submitted,

_____
PAUL A. MARONE, # 92341
DEPUTY CITY SOLICITOR
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5445 (v)
215-683-5397 (f)

Date:  July 31, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2006, I caused a true and correct copy of the foregoing Defendants' Second Proposed Jury Instructions was served upon the following by first-class mail, postage prepaid.

L. Theodore Hoppe, Jr. Esquire
223 North Monroe Street
P.O. Box 23
Media, PA 19063

_____
Paul A. Marone
Deputy City Solicitor