IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANTHONY MARCAVAGE, | ) | Number: 04-CV-4741 |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable Petrese B. Tucker |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, PENNSYLVANIA, et. al. | ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS

Plaintiff submits the following proposed jury instructions which amend the instructions previously filed.

13. *O'Malley § 165.70 Compensatory and Nominal Damages*

If you find for plaintiff _____, you must determine plaintiff's damages. Plaintiff _____ has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff _____ for the deprivation of civil rights proximately [legally] caused by Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly police officers. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable value of any of plaintiff's property lost or destroyed during, or as a result of, the defendant police officer's unconstitutional acts;

2. The reasonable cost of plaintiff's medical care and hospitalization;

3. Plaintiff's physical or emotional pain and mental anguish. The physical and mental/emotional pain and suffering [and disability/loss of a normal life] that Plaintiff has experienced [and is reasonably certain to experience in the future]. No evidence of the dollar value of physical or mental/emotional pain and suffering [or disability/loss of a normal life] has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

<u>4.     You may consider in awarding damages that the violation of constitutionally protected rights constitutes irreparable injury, no matter how slight the violation may be and constitutes ream harm even though no actual damages are shown.</u>

<u>5. Punitive damages, if any (as explained in the my instructions).</u>

If you find for plaintiff _____, but you find that the plaintiff _____ has failed to prove actual damages, you shall return an award of ~~nominal~~ damages. ~~not to exceed one dollar.~~ The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when <u>no</u> actual damages flow from the deprivation.

See also, O'Malley 3.10 - **Compensatory Damages**

Additional Authority: ***Elrod v. Burns***, 427 U.S. 347 (1976); ***Hohe v. Casey***, 868 F.2d 69, *72 (3rd Cir. 1989)( It is well-established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Citing *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976).)

*14.   O'Malley § 165.71 Punitive Damages*

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff _____ and against <u>Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly and if you find the conduct of that defendants was recklessly and callously indifferent to plaintiff's constitutional rights,</u> then, in addition to any other damages to which you find plaintiff _____ entitled, you may, but are not required to, award plaintiff _____ an additional amount as punitive damages if you find it is appropriate to punish defendants _____ or deter defendants _____ and others from like conduct in the future. Whether to award plaintiff _____ punitive damages and the amount of those damages are within your sound discretion.

<u>As I have instructed you, any deprivation of a constitutional right constitutes an irreparable injury. If you have such a violation, you may award punitive damages as an example or warning to others not to engage in such conduct.</u>

<u>You may assess punitive damages against any or all defendant police officers or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.</u>

Additional Authority:  ***Elrod v. Burns***, 427 U.S. 347 (1976); ***Hohe v. Casey***, 868 F.2d 69, *72 (3rd Cir. 1989)( It is well-established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Citing *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976).)

### *16.   De Minimis Violation of Constitutional Rights*

The loss of First Amendment freedoms, such as free speech, even for minimal periods of time, constitutes an irreparable injury. If you find that Defendants City of Philadelphia, James Tiano, William Fisher Warren Edwards and/or Daniel Kelly violated Plaintiff's constitutionally protected rights to free speech and/or free exercise of religion, no matter how slight the violation may be, you must find in favor of Plaintiff and against Defendants on Plaintiff's claim.

Authority: ***Elrod v. Burns***, 427 U.S. 347 (1976); ***Hohe v. Casey***, 868 F.2d 69, *72 (3rd Cir. 1989)( It is well-established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Citing *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976).)

                         Respectfully submitted:

                         ***SHIELDS & HOPPE, LLP***

By:    /s/ L. Theodore Hoppe, Jr.
         L. Theodore Hoppe, Jr., Esquire
         Attorney I.D. No. 62082
         C. Scott Shields, Esquire
         Attorney I.D. No. 68837
         Amanda L.H. Brinton, Esquire
         Attorney I.D. No. 88882
         223 N. Monroe Street
         PO Box 23
         Media, PA  19063
         (610) 892-7777
         (610) 892-7525 (fax)
         Attorneys for Plaintiff

Date: 8/1/06